## ANGEL et al. v. CUNARD STEAMSHIP CO.

### (District Court, E. D. New York. June 2, 1893.)

SHIPPING—DAMAGE TO CARGO — BILL OF LADING — STIPULATIONS—NOTICE OF DAMAGE.

Where a case of feathers showed signs of damage on being landed from respondent's steamer, and the bill of lading provided that "the shipowner is not liable for any claim of which notice is not given before removal of the goods," but libelant gave no notice until four or five days after the case had been removed from the warehouse, it was *held* that the provision in the bill of lading was reasonable, and under it libelant could not recover.

In Admiralty.   Libel by Emanuel M. Angel and others against the Cunard Steamship Company for damage to cargo.   Dismissed.

Julian B. Shope, for libelants.
Larned, Warren & Knapp, for claimant.

BENEDICT, District Judge.   This is an action to recover for damage to a case of feathers, which, when landed in New York, were found to be damaged by water.   The case was one of a shipment of 23 cases, made in Liverpool, under a bill of lading containing many exceptions, several of which are relied on by the claimant.   One only of these exceptions need be noticed on this occasion, namely, the provision as follows: "The shipowner is not liable * * * for any claim of which notice is not given before the removal of the goods."   This provision seems to be a reasonable provision in a bill of lading.   The validity of such a provision has been upheld by the courts of England.   Moore v. Harris, 34 Law T. (N. S.) 519.   Under it the steamship is exempted from liability for the claim in question.   It is proven that the case was hot on the outside when it was landed, and the libelants gave no notice of the claim of damage on that account until four or five days after the case had been removed to the warehouse,

The libel must be dismissed, and with costs.